Appeal from a final decree of the Surrogate’s Court, Queens County, entered January 2, 1946, judicially settling the final account of appellant and one Fishman as executors and trustees; from so much of an intermediate decree of said court, entered May 28, 1945, directing that appellant’s counsel fee of $3,500 be applied to his credit in payment of a surcharge; and from an order entered therein on July 9, 1946, denying his application to cancel the surcharge. Final decree, entered January 2, 1946, modified on the law by striking out the directions therein surcharging appellant, and by striking from the fourth ordering paragraph the direction that commissions there awarded be applied in reduction of the surcharge; and, as sb modified, insofar as appealed from, unanimously affirmed, with costs to appellant, payable out of the estate. Intermediate decree, entered May 28, 1945, modified on the law and the facts by striking from the fourth ordering paragraph the words following the figures “ $3,500.00 ”, and, as so modified, insofar as appealed from, unanimously affirmed, without costs. Appeal from order entered July 9, 1946, dismissed, without costs, as academic. Practically all of the assets of the estate consisted of a majority of the stock of a corporation organized and controlled by the testator. Upon testator’s death both executors and trustees were elected officers and directors of the corporation, and they constituted a majority of the board of directors. Pursuant to resolutions of the board of directors in 1942 and 1943, bonuses were paid to appellant’s coexeeutor and others. Objections to the final account of the executors and trustees were filed by the residuary legatees. The objections were based in part upon the payment of such bonuses on the theory that such payments were a dissipation of corporate assets resulting in a diminution of the value of the stock to which the residuary legatees were entitled. The Surrogate held that, although the accountants could not be surcharged for the bonuses paid to others than the coexecutor, both executors and trustees should be surcharged with the bonuses received solely by the coexecutor as constituting compensation in excess of the fair and reasonable value of the services performed by him. Pending appeal taken by both executors and trustees, the coexecutor made a settlement with the legatees, the latter reserving all their rights against appellant. In our opinion, appellant may be surcharged only if he would have been liable to the corporation in an action brought by it or by someone on its behalf to recover the excessive compensation: In such an action only the directors who received the excessive compensation may be directed to return it to the corporation. A director who has not received any part of such compensation, even though he may have voted for the resolution, may not be directed to return to the corporation any part of the excessive compensation paid to others. (Carr v. Kimball, 153 App. Div. 825, 842, affd. 215 N. Y. 634.) Since appellant would not have been liable to the corporation for the items constituting the surcharge, he may not be directed to pay those items to the objectants-stockholders. We have examined the other contentions of appellant and find them to be without merit. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ.